The State of Ohio, Appellee, *v.* Orris, Appellant.

(No. 467—Decided April 26, 1971.)

*Mr. Henry E. Shaw, Jr.,* prosecuting attorney, for appellee.

*Mr. Richard H. Babcock,* for appellant.

Troop, J. This appeal is from an order of the Common Pleas Court of Delaware County, filed January 8, 1971, denying the motion of the defendant, on December 24, 1970, asking for the suspension of the sentence imposed by the court by entry of October 26, 1970.

Defendant, Donald G. Orris, entered a plea of guilty to two counts, armed robbery (covered by R. C. 2901.13) and larceny (covered by R. C. 2907.20). He was sentenced to serve the statutory sentences imposed, concurrently.

Defendant, appellant herein, supports his appeal from the order denying him the benefit of R. C. 2947.061 with what amounts to a single assignment of error. The contention is that the trial court must hold an oral hearing and that not to do so is a denial of due process of law. It is un-

disputed that the trial court in this case did not schedule or hold a formal hearing.

Applicable statutes are important to this discussion. Pertinent portions are quoted. R. C. 2947.061, effective, originally, on October 30, 1965, and amended effective November 14, 1969, reads in part as follows:

"Subject to Sections 2951.03 to 2951.09, inclusive, of the Revised Code, the trial court may * * * suspend the further execution of the sentence and place the defendant on probation * * *."

And, R. C. 2947.062, effective May 26, 1970, states in part as follows:

"If a hearing is granted pursuant to Section 2947.061 [2947.06.1] of the Revised Code, the prisoner shall attend such hearing if so ordered by the court."

It must be noted that R. C. 2947.061 provides that the delayed probation arrangement is subject to R. C. 2951.03 through R. C. 2951.09, which sections provide for the procedure for probation, eligibility for probation, and the control and supervision of persons placed on probation. The relatively new sections, providing that a trial court "may" upon motion of the defendant, or upon its own motion, suspend execution of a sentence, are an adjunct to and a part of the ordinary probation procedures.

The two new sections, noted ante, must be read in *pari materia.* R. C. 2947.061 provides that a court "shall hear" a motion made by a defendant within 60 days after the filing date thereof. R. C. 2947.062 states that "if a hearing is granted," the prisoner shall attend if ordered by the court.

Counsel for defendant bottoms his argument on the "court shall hear" phrase and moves too quickly from the other significant phrase, "if a hearing is granted." The latter is a part of R. C. 2947.062. This was effective May 26, 1970, which is after the effective date of the former, November 14, 1969. It must be assumed that the Legislature knew that it had said "shall hear" when it used the words "if a hearing is granted."

There may be some confusion in the two choices of

words but the term "hearing" more nearly reflects the meaning urged by counsel for the defendant. Hearing suggests to "give audience to," a meaning which attaches when in the law a court holds a "hearing." Commonly, the word "hear" suggests communication through the ears, but equally acceptable meanings are also common, such as "to gain knowledge of" or "to entertain the idea." (See Webster's Third New International Dictionary [1961].)

The Legislature gave the trial court broad discretion in these matters. The discretion to grant a hearing is provided in R. C. 2947.062, and the discretion to suspend execution is provided in R. C. 2947.061. The privileges permitted under both statutes are contingent upon compliance with the basic requirements applicable to all grants of probation under R. C. Chapter 2951, none of which are shown by the record to have been accomplished, nor is such contended by the brief and oral argument of counsel.

As was true at the time of the decision in *State* v. *Poffenbaugh* (1968), 14 Ohio App. 2d 59, a trial court "may" suspend a sentence. Now the court must "hear" the motion, if one is made, within 60 days from filing and "enter its ruling thereon" within 10 days after it "hears" the motion.

The trial court having followed applicable statutes in making its order, the defendant cannot be said to have been denied due process of law.

The order of the trial court is affirmed.

*Judgment affirmed.*

RUTHERFORD, P. J., and PUTMAN, J., concur.

TROOP, J., of the Tenth Appellate District, sitting by designation in the Fifth Appellate District.