The STATE of Ohio, Appellee,

v.

HATCHER, Appellant.

[Cite as *State v. Hatcher* (1991), 71 Ohio App.3d 823.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58235.

Decided April 8, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Mary A. Haas,* Assistant Prosecuting Attorney, for appellee.

*Thomas M. Shaughnessy,* for appellant.

---

JOHN F. CORRIGAN, Judge.

Defendant Clyde Hatcher appeals from the order of the trial court which denied his motion for shock probation. We affirm.

## I

On January 29, 1988, defendant was indicted for possession of less than the bulk amount of heroin in violation of R.C. 2925.11. Defendant subsequently pled guilty to the charge and was sentenced to one and one-half to five years imprisonment. One month later, defendant moved for a hearing in order to determine his eligibility for shock probation pursuant to R.C. 2947.061.

The state filed a brief in opposition to the motion asserting that defendant had previously been convicted of aggravated robbery, and carrying a concealed weapon, and was therefore ineligible for shock probation, pursuant to R.C. 2951.02(F). The judge originally assigned to the case set the matter for hearing on June 20, 1989. The case was subsequently re-assigned to another judge, however, and in an entry filed on July 11, 1989, he denied the motion without a hearing.

## II

For his sole assignment of error, defendant contends that the trial court erred in denying his motion for shock probation without holding a hearing, because, he claims, the court failed to consider statutory sentencing criteria. This claim lacks merit.

Shock probation is governed by R.C. 2947.061 which provides in relevant part as follows:

"(A) *Subject to sections 2951.02 to 2951.09* of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving

his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter.

"This division does not apply to a defendant who is sentenced for the commission of an aggravated felony of the first, second, or third degree." (Emphasis added.)

R.C. 2951.02 in turn provides in relevant part:

"(B) The following do not control the court's discretion, but shall be considered in favor of placing an offender on probation or in favor of otherwise suspending an offender's sentence of imprisonment pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code:

"(1) The offense neither caused nor threatened serious harm to persons or property, or the offender did not contemplate that it would do so.

"(2) The offense was the result of circumstances unlikely to recur.

"(3) The victim of the offense induced or facilitated it.

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense.

"(5) The offender acted under strong provocation.

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial period before commission of the present offense.

"(7) The offender is likely to respond affirmatively to probationary or other court-imposed treatment.

"(8) The character and attitudes of the offender indicate that he is unlikely to commit another offense.

"(9) The offender has made or will make restitution or reparation to the victim of his offense for the injury, damage, or loss sustained.

"(10) Imprisonment of the offender will entail undue hardship to himself or his dependents.

"* * *

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(2) The offender is a repeat offender or a dangerous offender, as defined in section 2929.01 of the Revised Code."

Pursuant to R.C. 2929.01(A),

" 'Repeat offender' means a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense."

Hearings on a motion for shock probation are governed by R.C. 2947.062 which provides:

"*If* a hearing is granted pursuant to section 2947.061 of the Revised Code, the prisoner shall attend such hearing if so ordered by the court. When a copy of the journal entry containing such order is presented to the warden of the penitentiary, the superintendent of a state reformatory, or other head of a state penal institution, he shall deliver the convict to the sheriff, who shall convey him to the county where such hearing is to be held. The approval of the governor on such journal entry shall not be required." (Emphasis added.)

■ Subject to the limitations of R.C. 2951.02, a trial court has broad discretion in deciding whether to grant shock probation, and absent a violation of some constitutional standard, the trial court's decision is not reviewable. *State v. Delaney* (1983) 9 Ohio App.3d 47, 48, 9 OBR 50, 51, 458 N.E.2d 462, 464.

■ Under R.C. 2947.062, the trial court is not required to grant an oral hearing on a motion for shock probation, but is instead vested with discretion in making this decision. *State v. Orris* (1971), 26 Ohio App.2d 87, 89, 55 O.O.2d 211, 213, 269 N.E.2d 623, 624.

"The term 'abuse of discretion' ' "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." ' *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290, quoting *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590–591, 50 O.O. 465, 469, 113 N.E.2d 14, 19." *State v. Johnson* (1987), 32 Ohio St.3d 109, 113, 512 N.E.2d 652, 656. Moreover, failure to conduct an oral hearing does not constitute a denial of due process of law. *State v. Orris, supra.*

■ Applying the foregoing to the facts of this matter, we cannot conclude that the trial court abused its discretion in failing to hold an oral hearing. First, in accordance with *State v. Orris, supra,* a hearing is not required under R.C. 2947.062, or under general due process guarantees. Thus, it is doubtful that the court's refusal to hold an oral hearing is subject to review. Secondly, while defendant contends that the trial court failed to consider the statutory factors required to be considered, see R.C. 2951.02, the record does

not exemplify this claim and does not demonstrate that these factors actually militate in favor of defendant. Cf. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 157, 11 O.O.3d 137, 140, 385 N.E.2d 1342, 1345. Moreover, this silent record raises the presumption that the court did in fact consider all salient criteria. *State v. Adams* (1988), 37 Ohio St.3d 295, 297–298, 525 N.E.2d 1361, 1362–1363.

For the foregoing reasons, the assigned error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DYKE, P.J., and BLACKMON, J., concur.

BLACKMON, Judge, concurring.

While I agree with the substantive analysis of the majority, there is a procedural requisite that should be preliminarily addressed. An evaluation of which causes the same conclusion.

R.C. 2947.061, which is the statutory provision governing shock probation, requires that a motion for shock probation be ruled upon within sixty days of its filing. The statute reads, in pertinent part:

"The court shall hear any such motion *within sixty days after the filing date thereof* and shall enter its ruling thereon within ten days thereafter." (Emphasis added.)

If a judge chooses not to conduct a hearing or rule on the motion within sixty days after it is filed, he loses jurisdiction to grant the motion. *State v. Delaney* (1983), 9 Ohio App.3d 47, 48, 9 OBR 50, 51, 458 N.E.2d 462, 464.

With respect to the issue of the denial of defendant's rights as a result of this failure to make a timely decision, the court in *Delaney* went on to state:

"There can be no prejudicial denial of a constitutional right to further procedures if there is no reasonable possibility that provision of the omitted procedures could have produced a more favorable result. In this case, the trial court ultimately denied the motion for shock probation. The court's failure to rule earlier was tantamount to an earlier denial of that motion, when the trial court thereby lost jurisdiction to grant the motion." *Id.*

That court did go on, however, in *dicta,* to express its disapproval of the trial court's failure to timely dispose of the motion. Nevertheless, it did not change the finding that the trial court lost jurisdiction when the sixty days lapsed.

In the instant case according to the journal entries, the motion for shock was filed on April 24, 1989. It was not denied until June 27, 1989. This time

period is in excess of the sixty days prescribed in the statute and under *Delaney.* Therefore, the trial court no longer had jurisdiction to rule on the motion and such a denial does not constitute a prejudicial denial of a constitutional right.