DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio, appeals an order of the Lorain County Court of Common Pleas that granted super shock probation to Defendant-appellee, David Dower. We affirm.
On February 4, 1997, Defendant pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, with a specification for actual or threatened physical harm with a deadly weapon. The trial court merged the specification for sentencing purposes. Defendant moved to withdraw his guilty plea on September 12, 1997. The trial court denied the motion on October 6, 1997. On October 7, 1997, the trial court sentenced Defendant to an indefinite prison term of five to fifteen years. Defendant appealed the judgment that denied his motion to withdraw his guilty plea. This court affirmed. State v. Dower (Nov. 12, 1998), Lorain App. No. 97CA006953, unreported.
Defendant moved for judicial release, pursuant to R.C.2929.20, on February 10, 1999. The state responded in opposition to the motion. The trial court set the matter for a hearing on March 29, 1999. At the hearing, Defendant requested leave to amend the motion to move for super shock probation. The State did not object. After noting that a hearing was not required on a motion for shock probation, the court took the motion under consideration. On April 13, 1999, the trial court placed Defendant on five years of probation subject to conditions imposed by the court. This court granted the State leave to appeal pursuant to R.C. 2945.67 and App.R. 5(B)[1]. The State has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court committed error in granting [Defendant's] motion for super shock probation.
The State has argued that the trial court erred by (1) incorrectly converting Defendant's motion for judicial release into a motion for super shock probation without requiring Defendant to refile the motion; and (2) granting super shock probation without providing an opportunity for the State to be heard on the merits of the motion. We disagree.
R.C. 2929.20 permits a trial court to reduce the sentence of an offender upon filing of a motion by the offender or on the court's motion. R.C. 2929.20(B). Although a motion pursuant to this section may be summarily denied, the court must conduct a hearing prior to granting judicial release. R.C. 2929.20(C). If the court chooses to hold a hearing on the motion, "the court shall afford the eligible offender and the eligible offender's counsel an opportunity to present written * * * [and] oral information relevant to the motion. The court shall afford a similar opportunity to the prosecuting attorney[.]" R.C.2929.20(G).
R.C. 2929.20 was enacted as part of Am.Sub.S.B. 2, effective July 1, 1996. The sentencing provisions of Am.Sub.S.B. 2 do not apply to crimes committed before the effective date. State v.Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus, certiorari denied (1999), ___ U.S. ___, 143 L.Ed.2d 58. Defendants who committed crimes prior to July 1, 1996, may, however, seek shock probation in accordance with former R.C. 2947.06.1. State v.Jones (Sept. 25, 1998), Lake App. No. 97-A-0063, unreported, 1998 Ohio App. LEXIS 4497, at *3. That provision permitted trial courts to suspend further execution of the sentence of a defendant sentenced for a felony of the first, second, or third degree:
 upon the motion of the defendant * * * and [to] place the defendant on probation upon the terms that * * * the court determines, if the defendant * * * is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.
R.C. 2947.06.1(B).
The determination of whether to conduct a hearing on a motion for shock probation is within the broad discretion afforded the trial court. State v. Hatcher (1991), 71 Ohio App.3d 823, 826. Consequently, this court will not disturb the trial court's determination that a hearing is unnecessary absent an abuse of discretion, as evidenced by "perversity of will, passion, prejudice, partiality, or moral delinquency." (Citation omitted.)Id. Similarly, the determination of whether to grant shock probation "belongs exclusively to the discretion of the trial court." State v. Hawk (1992), 81 Ohio App.3d 296, 301. In exercising its discretion, the trial court is guided, but not constrained, by the factors contained in R.C. 2951.02(B) and (D) that mitigate for and against probation. See R.C. 2929.20(B).
Defendant's crime was committed before July 1, 1996. As such, he was ineligible for judicial release pursuant to R.C.2929.20. The State brought this to the attention of the trial court:
 The State: The defendant has filed for judicial release pursuant to Ohio Revised Code 2929.20. I assume that's some kind of error, since this is not a Senate Bill 2 case, and that law would not apply. The State would like to be heard on the merits as well.
The Court: Very well.
 Defendant: Your Honor, we would ask for leave to amend it to a super shock probation motion. * * *
* * *
 The Court: Then there's no hearing, and the Court takes it under advisement and either grants or denies it.
* * *
 The Court: * * * If that's the case, the Court will take super shock — take that under consideration, okay. There is no requirement for a hearing under super shock.
After bringing the inapplicability of R.C. 2929.20 to the attention of the court, the State did not object to either the court's decision to permit the motion to be considered as a motion for super shock probation or the determination that a hearing was unnecessary. Later objections, therefore, can only be noticed by this court as plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
The State has not demonstrated that the court's actions in this constituted an abuse of discretion. Accordingly, the State's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
BAIRD, P.J. and BATCHELDER, J. CONCUR
[1] See State v. Fisher (1988), 35 Ohio St.3d 22, paragraph one of the syllabus.