Defendant-appellant, Ronald L. Wooten, appeals from the July 30, 1998 judgment entry of the Franklin County Court of Common Pleas denying appellant's motion for shock parole. For the reasons that follow, we affirm the decision of the trial court.
On October 22, 1996, appellant was indicted on one count of rape, one count of felonious sexual penetration, and one count of gross sexual imposition. The counts related to offenses committed against appellant's daughter on June 21, 1994.
On April 10, 1997, appellant pleaded guilty to one count of attempted felonious sexual penetration in violation of R.C.2923.02, an aggravated felony of the second degree. In exchange for his plea of guilty, a nolle prosequi was entered on the remaining counts. At the plea hearing, the parties agreed that if the portions of the sexual predator statute pertaining to him were declared unconstitutional, appellant would be allowed to withdraw his guilty plea.
The prosecutor also recited the following as an additional condition of appellant's plea: "As additional conditions of this plea, the defendant will not be granted shock probation until the expiration of one year of imprisonment." (Tr. Apr. 10, 1997 at 2-3.) Later in the course of the hearing, defense counsel stated:
 WE HAVE NO AGREEMENT AS TO THE MINIMUM SENTENCE. WE ALL UNDERSTAND THE MINIMUMS AND MAXIMUMS AND THE POINTS IN BETWEEN. THE ONLY AGREEMENT WE HAD WAS THE SHOCK WITHIN A YEAR, THAT WE WOULD NOT DO THAT. [TR. APR. 10, 1997 AT 9; EMPHASIS ADDED.]
The trial court accepted appellant's guilty plea and set the matter for sentencing on May 16, 1997. The "criminal sentencing sheet" dated April 10, 1997, and filed on April 14, 1997, contained a handwritten note, "Shock after one year by agreement."
On May 16, 1997, the trial court conducted another hearing, found appellant to be a sexual predator, and sentenced him to seven to fifteen years of incarceration.
On May 26, 1998, appellant, proceeding pro se, filed a "motion to suspend further execution of sentence for aggravated felony" pursuant to R.C. 2947.061. Attached to his motion was a copy of the "criminal sentencing sheet" with the "Shock after one year by agreement" language highlighted. The trial court set the matter for hearing, and the state filed a memorandum contra to appellant's motion. On June 17, 1998, the state filed a "motion to correct the criminal sentencing sheet," requesting that the criminal sentencing sheet be corrected to reflect that the defendant agreed not to request shock probation prior to the passing of one year of incarceration.
At the hearing on appellant's motion, the trial court stated, "I scheduled this hearing because I made a note on the dispo sheet last year about what I thought was perhaps, when I looked at it last month, I thought it was an agreement at the time of the plea." (Tr. July 2, 1998 at 6; emphasis added.) At the conclusion of appellant's hearing, the trial court stated:
 As I started to say, there was some confusion, I guess, on my part as to whether or not there were any promises made at the time of the plea regarding a motion for shock after a year. Ms. Rader was good enough to get a transcript of the whole plea hearing, and I reviewed that, and if anything, with regard to the shock motion, the state didn't agree to anything with regard to the shock motion, simply said don't even think about filing for a year. That wasn't a promise that it would be granted in a year, and, Mr. Wooten, I think you had a serious drinking problem, and you might not remember a lot of these things, but that doesn't make it any easier at all for the victim.
 You did get a break at the time of the plea. I think that charges were reduced, because any time you go to trial, the state is never guaranteed to have a conviction. So the original charges were reduced to the second degree felony, attempted felonious sexual penetration. Otherwise, you would have probably been looking at decades.
 So all things considered, the motion for shock probation is denied. Sorry you people had to come back. That is all. [Tr. July 2, 1998, at 8-9.]
Appellant appealed, assigning as error the following:
 APPELLANT WOOTEN IS BEING DETAINED UNLAWFULLY AND RESTRAINT OF HIS LIBERTY BY THE TRIAL COURT'S FAILURE TO COMPLY WITH THE PLEA AGREEMENT AS ENTERED ON RECORD BY THE TRIAL COURT, THE TRIAL COURT IS IN VIOLATION OF THE OHIO'S CONSTITUTIONS, ARTICLE ONE, SECTION TEN, AND DUE PROCESS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Initially, we address whether there exists a final appealable order in this case. This court has held that absent a violation of some constitutional or statutory standard, a trial court's decision to grant or deny shock probation is not reviewable.State v. Delaney (1983), 9 Ohio App.3d 47; State v. Garcia
(Aug. 24, 1995), Franklin App. No 94APA11-1646, unreported (1995 Opinions 3577); State v. Kean (Jan. 25, 1990), Franklin App. No. 89AP-152, unreported (1990 Opinions 283) (citing cases).
Here, appellant attacks the voluntary, knowing and intelligent waiver of his constitutional rights arguing that he was induced to plead guilty by the promise that he would be granted shock probation after serving one year of his sentence. Appellant's position is that the plea agreement was breached when the trial court refused to grant him shock probation after one year.
In State v. Brigham (Feb. 27, 1997), Franklin App. No. 96APA07-964, unreported (1997 Opinions 548), this court stated:
 IN ORDER FOR A GUILTY PLEA TO BE VOLUNTARY, THE DEFENDANT MUST HAVE A "FULL UNDERSTANDING OF THE CONSEQUENCES" OF HIS PLEA. STATE V. BOWEN (1977), 52 OHIO ST.2D 27, 28. A GUILTY PLEA IS NOT VOLUNTARY IF IT IS INDUCED BY "UNFULFILLED OR UNFULFILLABLE PROMISES" MADE BY THE PROSECUTION, THE COURT, OR DEFENDANT'S COUNSEL. STATE V. HAWK
(1992), 81 OHIO APP.3D 296, 299, CITING BRADY V. UNITED STATES (1970), 397 U.S. 742, 755, AND CRIM.R. 11(C)(2)(A). [Id. at 550.]
"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady, supra, 397 U.S. at 748, 90 S.Ct. at 1469. Although Crim.R. 11(C)(2)(a) does not require discussion of shock probation eligibility, it does require that there be a full understanding of the consequences of the plea. Brigham,supra, citing Kercheval v. United States (1927), 274 U.S. 220,223, 47 S.Ct. 582, 583. Based on the record before us, we find that appellant has alleged a violation of his constitutional rights and, accordingly, the denial of his motion for shock probation under these circumstances constitutes a final appealable order.
The state responds to appellant's contentions by arguing that there was no agreement that appellant would be granted shock probation, and the phrase "Shock after one year by agreement" does not accurately reflect the agreement of the parties set forth in the transcript of the plea hearing. We agree.
The trial court, apparently sensing some similar confusion, conducted a hearing and reviewed the earlier transcripts. The trial court concluded that the actual agreement of the parties was that appellant would not seek shock probation until he had served at least a year of his sentence. Based upon our review of the transcript, we agree with the trial court's conclusion that the only agreement made with respect to shock probation was that appellant would not file for shock probation until he had served one year of his sentence. Beyond that, the trial court has broad discretion in deciding whether to grant shock probation. Delaney, supra. We find no abuse of discretion in the trial court's decision to deny shock probation to appellant.
Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.