THE STATE OF OHIO, APPELLEE, *v.*
DELANEY, APPELLANT.

(No. 45205—Decided April 25, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. J. Jeffrey Church* and *Ms. Marlene P. Emery,* for appellant Paul R. Delaney.

MARKUS, J. Defendant appeals from the denial of his motion for shock probation, claiming the trial court erred by failing to rule on that motion more expeditiously. We find defendant's contention lacks merit, so we affirm.

Defendant was charged with rape and felonious assault. Prior to trial, he pled guilty to the lesser included offense of aggravated assault. He was sentenced to two to five years in the state correctional system, and he entered the penitentiary on July 16, 1981. He filed a motion to suspend further execution of sentence on August 28, 1981. The trial court denied that motion on January 8, 1982.

Defendant's sole assignment of error alleges:

"The trial court erred in its failure to hear defendant's motion to suspend further execution of sentence within the mandatory time limits set forth in Section 2947.061 of the Ohio Revised Code."

R.C. 2947.061 provides in part:

"* * * [T]he trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines * * *.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter."

Thus, the defendant's motion for shock probation must be filed after he has served thirty days of his penitentiary sentence and before he has served sixty days. If the defendant's motion is filed more than sixty days after he commences serving his sentence, the trial court has no jurisdiction to grant the motion. *State* v. *Crawford* (1973), 34 Ohio App. 2d 137 [63 O.O.2d 213].

For a timely filed motion, the court may allow an oral hearing within sixty days after the motion is filed. However, the court has no obligation to hold a hearing, and the failure to hold a hearing does not constitute a denial of due process. *State* v. *Orris* (1971), 26 Ohio App. 2d 87 [55 O.O.2d 211]; *State* v. *Poffenbaugh* (1968), 14 Ohio App. 2d 59 [43 O.O.2d

191]. Since the 1976 amendment of R.C. 2947.061, the trial court's discretion in deciding a motion for shock probation is governed by the same considerations as a decision to grant probation initially. Thus, shock probation cannot be granted when ordinary probation is not permitted by R.C. 2951.02(F).

When the trial judge chooses to hold a hearing within the allotted time, he should rule on the motion within ten days after that hearing. If the judge fails to rule on the motion within that ten-day interval following the hearing, he loses jurisdiction to grant the motion. *State, ex rel. Dallman,* v. *Court* (1972), 32 Ohio App.2d 102 [61 O.O.2d 97]; *State, ex rel. Corrigan,* v. *White* (1976), 55 Ohio App. 2d 11 [9 O.O.3d 174].

When the trial judge chooses to hold no hearing on the shock probation motion, he should rule on the motion within sixty days after it is filed. If the judge fails to hold a hearing or rule on the motion within sixty days after it is filed, he loses jurisdiction to grant the motion.[1]

Defendant argues that he was denied due process, because the trial court failed to hold a timely hearing or make a timely ruling on his shock probation motion. However, the trial court has broad discretion in deciding whether to grant shock probation, subject only to the statutory limitations in R.C. 2951.02. Absent a violation of some constitutional or statutory standard, the trial court's decision to grant or deny shock probation is not reviewable. Defendant makes no claim that any standard required that his motion be given favorable considerations and granted.

There can be no prejudicial denial of a constitutional right to further procedures if there is no reasonable possibility that provision of the omitted procedures could have produced a more favorable result. In this case, the trial court ultimately denied the motion for shock probation. The court's failure to rule earlier was tantamount to an earlier denial of that motion, when the trial court thereby lost jurisdiction to grant the motion.

While we disapprove of the court's failure to rule on defendant's shock probation motion within the statutory time for such action, that delay did not deprive defendant of any cognizable constitutional or statutory rights. Defendant's assignment of error is overruled, and the judgment denying his motion for shock probation is affirmed.

*Judgment affirmed.*

PATTON, C.J., and NAHRA, J., concur.

---

[1] Sup. R. 8(D) previously purported to authorize a ruling on the shock probation motion within seventy days after it was filed, if no hearing was held. The 1979 amendments removed that language, apparently because of a possible conflict with substantive provisions in R.C. 2947.061.