THE STATE OF OHIO, APPELLANT, *v.* ELLINGTON, APPELLEE.

(No. 4118—Decided March 11, 1987.)

*Gregory A. White,* prosecuting attorney, for appellant.

*John S. Haynes,* for appellee.

GEORGE, J. The state brings this appeal from the granting of a motion for shock probation pursuant to R.C. 2947.061(B). This court vacates the order granting shock probation.

Defendant-appellee, Raymond Charles Ellington, was found guilty by a jury of felonious assault, an aggravated felony of the second degree.

R.C. 2903.11. He was sentenced on November 22, 1985 to an indefinite term of imprisonment of from five to fifteen years.

On June 10, 1986, Ellington filed a motion seeking suspension of the further execution of his sentence pursuant to R.C. 2947.061(B). On June 12, 1986, the state opposed Ellington's motion. The trial court, without a hearing, granted shock probation by an entry with a typewritten date of August, 20, 1986, but with a time-stamped date of September 4, 1986. The state asserts error in the application of the statute to the facts of this case.

R.C. 2947.061(B) provides in pertinent part:

"* * * [T]he trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determines, if the defendant was sentenced for an aggravated felony of the * * * second * * * degree * * * and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.

"* * * The court shall hear any motion authorized by this division within *sixty days* after it is filed and shall enter its ruling on the motion within ten days after the hearing." (Emphasis added.)

This is a special statutory procedure which must be strictly construed. *State, ex rel. Dallman,* v. *Court of Common Pleas* (1972), 32 Ohio App. 2d 102, 61 O.O. 2d 97, 288 N.E. 2d 303, paragraph one of the syllabus. The statute provides that the motion shall be considered by the trial court within sixty days after it is filed and that the court's ruling must be entered within ten days of the hearing, if one is held.

The holding of a hearing on the motion, however, has been held to be discretionary with the court. *State* v.

*Orris* (1971), 26 Ohio App. 2d 87, 55 O.O. 2d 211, 269 N.E. 2d 623; *State* v. *Poffenbaugh* (1968), 14 Ohio App. 2d 59, 43 O.O. 2d 191, 237 N.E. 2d 147. If the trial judge elects not to hold a hearing, he should rule on the motion within sixty days after it is filed. *State* v. *Delaney* (1983), 9 Ohio App. 3d 47, 9 OBR 50, 458 N.E. 2d 462. Failure to hold a hearing or rule on the motion within sixty days results in the loss of jurisdiction. *Delaney, supra.*

The trial court here elected not to hold a hearing. Its decision to grant shock probation was journalized on September 4, 1986 — eighty-six days from the date the motion was filed.

Ellington argues that the trial court actually ruled on his motion on August 20, 1986. This date, he urges, being "seventy" days from the day of the filing of the motion, is within time according to the decision rendered by another appellate district in the case of *State, ex rel. Stern,* v. *Corrigan* (June 12, 1984), Jefferson App. No. 84-J-9, unreported. There are several problems with Ellington's argument.

First, according to this court's calculation of the time, August 20 is seventy-one days beyond the date of filing and would be outside the prescribed time, even under *Stern.*

Second, *Stern* is premised on a determination that journalization of a ruling is a ministerial act and that a *nunc pro tunc* entry may be made to bring the date within time where the decision was actually made before the time expired. In *Stern,* the reviewing court found the judge had made his decision to grant the motion on the sixtieth day, after having received no reply or response to the motion. There was no formal hearing on the matter. On the seventieth day (February 27, 1984) he made this notation on the "face sheet" of the motion: "granted 2-27-84." It was not journalized, however, until the seventy-ninth day.

A court speaks through its journals

and an entry is effective only when it has been journalized. Civ. R. 58 and Crim. R. 32(B). To journalize a decision means that certain formal requirements have been met, *i.e.*, the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court. The time-stamped date offers some evidence of its filing.

R.C. 2947.061(B) uses the phrase "enter its ruling on the motion" to specify what is required to be done. This language and the use of the word "enter" is consistent with Civ. R. 58 and Crim. R. 32(B). Thus, it is not sufficient for the court to announce its decision within the time provided by R.C. 2947.061(B), but it must enter its ruling as well. If the rationale of *Stern* were accepted, a trial court could circumvent the clear intent of the legislature to limit the time within which a trial court could act upon a motion for shock probation.

*Stern* is not clear as to whether the decision is based upon the date the judge made up his mind (the sixtieth day) or the date he made the notation on the "face sheet" of the motion (the seventieth day). If the controlling date in *Stern* was the latter, it is contrary to *Delaney, supra.* This court concludes that *Delaney* is the better resolution.

Since no hearing was held, the trial court did not have jurisdiction to grant the motion for shock probation after the sixty-day period had expired. The order granting shock probation is vacated and the matter is remanded to the trial court for those further proceedings necessary to return Ellington to the penal custody of the state in order to resume serving his sentence.

*Judgment reversed*
*and cause remanded.*

MAHONEY, P.J., and CACIOPPO, J., concur.