## State v. Ibarra
### Case No. 58136
### Cuyahoga County, (8th)
### Decided February 15, 1990
[Cite as 1 AOA 305]

*For plaintiff-appellant, John T. Corrigan, Prosecutor, Michael J. Russo, Assistant, Justice Center, Courts Tower, 1200 Ontario Street, Cleveland, Ohio 44113.*

*For defendant-appellee, Paul W. Cassidy, Attorney at Law, 6285 Pearly Road, #8, Parma Heights, Ohio 44130.*

*PER CURIAM*

This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. The state appeals from the trial court's granting of shock probation to defendant-appellee Ernesto Ibarra ("Ibarra") pursuant to R.C. 2947.061(B). For the reasons adduced below, we reverse and remand the trial court's decision.

The record reflects that Ibarra pled no contest and was convicted and then sentenced on the same date under two distinct cases, with each sentence to run concurrently with that of the other case.[1]

Ibarra was delivered to the custody of Chillocothe Correctional Institution on October 7, 1987. On April 21, 1989, Ibarra filed a joint motion for shock probation on both cases, which was opposed by the state. An oral hearing was held on the motion on June 5, 1989. At the close of the hearing, the court gave the parties ten days to file briefs on the issues presented at the oral argument. The appellee filed the only brief on June 15, 1989. The court granted the motion for shock probation on June 19, 1989, which was journalized on June 27, 1989, thereby releasing appellee to a five-year term of probation.

Appellant raises three assignments of error for our review.

ASSIGNMENT OF ERROR NO. I: THE TRIAL COURT WAS WITHOUT JURISDICTION AND ERRONEOUSLY GRANTED SHOCK PROBATION WHEN THE DEFENDANT'S MOTION, FILED PURSUANT TO R.C. 2947.061(A), WAS MADE LATER THAN SIXTY DAYS AFTER HE WAS RECEIVED AT THE INSTITUTION WHERE HE WAS TO BEGIN SERVING HIS SENTENCE.

Appellant maintains that the court lacked jurisdiction to rule on the motion because the appellee failed to timely file the motion relative to the non-aggravated, third degree felonies in Case No. CR-208.066, *viz.*, within thirty to sixty days of Ibarra's delivery to the prison. *See,* R.C. 2947.061(A). Appellee contends that the proper standard governing the motion for suspension of sentence is R.C. 2947.061(B) due to Ibarra's sentence for an aggravated first degree felony in Case No. CR-214,905.

We find that the court did lack jurisdiction to rule on the suspension of sentence relative to Case No. CR-208,066 due to the motion having been filed one and one-half years outside the statutory framework of R.C. 2947.061(A).

What must be remembered is that each conviction must be considered on its own relative to R.C. 2947.061, the convictions having been joined for sentencing purposes only.

Appellee's argument that division (A) of the section is not applicable to the facts herein because Ibarra allegedly could not have his sentence suspended and be placed on probation in Case No. CR-208,066 is not well taken. Appellee's confusion arises from his equating the term "probation" with "freedom" or "lack of incarceration." While it is certainly true that Ibarra would have to serve his sentence in Case No. CR-214,905, it was possible to have his sentence suspended in Case No. CR-208,066 and to place him on probation for that case. Such probation would be served at the prison under the supervision of the governmental agencies mentioned in R.C. 2951.05.

Assignment affirmed.

ASSIGNMENT OF ERROR NO. II: THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING A MOTION FOR SHOCK PROBATION, WHERE THE DEFENDANT WAS CONVICTED OF AN OFFENSE WHICH REQUIRED A TERM OF ACTUAL INCARCERATION.

The court did not specify the Ibarra's sentence in Case No. CR-208,066 was a term of actual incarceration for eighteen months in violation of R.C. 2925.03(C)(4). Rather, the court sentenced Ibarra on counts one and two, each a third degree felony, to concurrent terms of four to ten years. *See*, R.C. 2925.03(C)(2), (4); and 2929.11(B)(6).

We find that the court did err in not sentencing Ibarra to an "actual" term of eighteen months incarceration. The statute mandates that this be done. See, R.C. 2925.03(C)(4). Without expressly using the required term "actual" incarceration in the sentence, whether by design or oversight, a court could render the offender eligible for shock probation where he otherwise would be eligible but for the absent term "actual." Therefore, under facts such as these, the missing term "actual" will be implied as part of the mandatory sentence so as not to defeat the plain intent of the legislature under R.C. 2925.0(C)(4) and 2947.061(B) Cf., *State* v. *Beasley* (1988), 14 Ohio St. 3d 74.

The standard for determining eligibility for shock probation under r.c. 2947.061(B) is provided by that statute as follows:

*** the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determines, *if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confident in the state penal or reformatory institution, and files the motion at any time after serving six months* in the custody of the department of rehabilitation and correction. (Emphasis added).

In the present case, Ibarra met the first element by being sentenced to two aggravated third degree felonies.

Ibarra also met the third element as he was confined in a state prison. The fourth element was met because he filed the motion approximately eighteen and one-half months after being delivered into the custody of the prison.

However, Ibarra failed to meet the second element as actual incarceration was a mandated aspect of his sentence and was, therefore, ineligible for probation due to the limitation of R.C. 2951.02(F)(5). *State* v. *Smith* (1989), 42 Ohio St. 3d 60, 63; *State* v. *Reid* (Nov. 9, 1989), Cuyahoga App. No. 57492, unreported, p. 4.

Ibarra was, therefore, ineligible for shock probation pursuant to R.C. 2947.061(B), and his serving his eighteen months prior to filing the motion for suspension of sentence is irrelevant.

Assignment affirmed.

ASSIGNMENT OF ERROR III: THE TRIAL COURT ERRED IN GRANTING SHOCK PROBATION BECAUSE IT WAS WITHOUT JURISDICTION TO RULE ON THE MOTION AFTER THE TEN-DAY INTERVAL FOLLOWING THE HEARING PASSED WITHOUT A RULING THEREON.

The oral hearing was held on June 5, 1987. The order ruling on the motion for suspension of sentence was journalized on June 27, 1987. The court lacked jurisdiction to rule on the motion as the ten-day period for entry of a ruling had elapsed. R.C. 2947.061(B); *State* v. *Ellington* (1987), 36 Ohio App. 3d 76.

Assignment affirmed.

The order granting shock probation pursuant to R.C. 2947.061(B) is vacated, and the matter is remanded to the trial court for further proceedings necessary to return Ibarra to the penal custody of the state in order to resume serving his sentence.

*Judgment reversed and cause remanded.*

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

BLANCHE KRUPANSKY,
PRESIDING JUDGE
FRANCIS E. SWEENEY, JUDGE
THOMAS J. PARRINO, JUDGE[*]

---

[1] On September 29, 1987, Ibarra was sentenced in Cuyahoga County Common Pleas Court Case No. CR-208, 066 to a term of:

> 4-10 years for aggravated trafficking in drugs with violence specifications [R.C. 2 925.03(A) (2)]; 4-10 years for aggravated trafficking in drugs with violence specifications [R.C. 2925.03(A) (4)]; and six months time served for permitting drug abuse [R.C. 2925.13]; sentences to run concurrently. In CR-214, 905, Ibarra was sentenced that same date to a term of: 5-25 years for aggravated burglary [R.C. 2911.11]; and 18 months for theft [R.C. 2913.02]; sentences to run concurrently. See, appellee's brief, Exhibits A and B.

[*] Thomas J. Parrino, retired judge of the Eight Appellate District, sitting by assignment of the Supreme Court of Ohio.