OPINION
Defendant-Appellee Oaunwell C. Heard was convicted of involuntary manslaughter and sentenced to ten to twenty-five years incarceration. Heard filed his sixth motion for super shock probation on May 26, 1998. The trial court conducted a hearing on the motion on August 28, 1998, and granted the motion by entry filed on September 3, 1998. The State of Ohio now timely appeals the trial court's decision.
Heard was indicted on June 27, 1995, for involuntary manslaughter with a firearm specification for shooting and killing Douglas Pittman. He entered a plea of guilty on October 6, 1995, to the charge of involuntary manslaughter. On November 3, 1995, he was sentenced to not less than ten years and not more than twenty-five years at the Correction Receptions Center.
On October 7, 1996, Heard filed a motion to suspend the further execution of sentence, pursuant to R.C. 2947.061(B), for the court to grant him super shock probation. On December 6, 1996, Heard filed a motion to withdraw his motion, which the trial court granted the same day. On January 30, 1997, Heard filed a second motion to withdraw his motion for super shock probation, which the trial court granted on January 31, 1997.
Heard filed his second motion for super shock probation on March 11, 1997. On May 30, 1997, Heard filed a motion to withdraw his second motion. The trial court granted Heard's motion that same day. On October 29, 1997, Heard filed his third motion for super shock probation, and he filed a supplemental memorandum in support of his motion on November 12, 1997. Again, Heard filed a motion to withdraw this motion on January 29, 1998, but he filed another motion for super shock probation on February 4, 1998. On February 9, 1998, the trial court granted Heard's motion to withdraw his third super shock probation motion and supplemental memorandums.
A fifth motion for super shock probation was filed on April 3, 1998. On April 9, 1998, Heard filed a motion to withdraw his February 4, 1998 motion for super shock probation. The trial court granted the motion to withdraw on April 14, 1998. His sixth motion for super shock probation was filed on May 26, 1998, and on July 13, 1998, Heard filed a another motion for super shock probation, but it was labeled "supplemental" and thus did not re-start the sixty-day clock. The State filed a brief in opposition to Heard's motion on August 27, 1998, and a hearing on Heard's motion was held on August 28, 1998. On September 3, 1998, the trial court issued a decision granting super shock probation to Heard. On October 5, 1998, the State filed a notice of appeal simultaneous with a motion for leave to appeal the trial court's decision. This Court granted the State's motion on October 29, 1998. The State now asserts two assignments of error:
 I.
The trial court was without jurisdiction to grant the motion for super shock probation.
In its first assignment of error, the State argues that the trial court granted Heard's motion for super shock probation beyond the mandatory sixty day time limit, thus causing the court to lose jurisdiction, and the trial court's decision should be reversed. We agree.
The trial court has the discretion under R.C. 2947.061[1] to grant or deny a motion for super shock probation. However, as we noted in State v.Scott (Jan. 24, 1996), Montgomery App. No. 15131, unreported, "the courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may do so only as authorized by statute."Id., citing State v. Smith (1989), 42 Ohio St.3d 60. R.C. 2947.061(B) specifically stated, in pertinent part "[t]he court shall hear any motion authorized by this division within sixty days after it is filed and shall enter its ruling on the motion within ten days after the hearing."
The trial judge may elect to hold no hearing on the motion for super shock probation, in which case he must rule on the motion within sixty days of the filing of the motion. State v. Ellington (1987), 36 Ohio App.3d 76; Statev. Delaney (1983), 9 Ohio App.3d 47; Scott, supra. Failure to rule on the motion or to hold a hearing within the sixty day period after it is filed results in the trial court's loss of jurisdiction over the motion.Ellington, supra; Scott, supra. This sixty day time period must be strictly construed. Ellington, supra; State, ex rel. Dallman v. Court of CommonPleas (1972), 32 Ohio App.2d 102; Scott, supra. Furthermore, once a trial court loses jurisdiction to act on a motion, it must deny the motion.Ellington, supra; Delaney, supra.
In this case, Heard filed a motion for super shock probation on April 3, 1998, and another on May 26, 1998, which he supplemented on July 13, 1998. A hearing was held on August 28, 1998, however it is unclear on which motion the trial court held the hearing. Regardless of which motion was before the trial court, the hearing was held one hundred forty-seven days after the April 3, 1998, motion was filed, and ninety-four days after the May 26, 1998, motion was filed. The trial judge rendered his decision granting super shock probation on September 3, 1998, one hundred fifty-three days after the filing of the April 3, 1998 motion, and one hundred days after the filing of the May 26, 1998 motion. For either motion, this went beyond the time limits under R.C. 2947.061(B). Because the trial court neither held the hearing or ruled on these motions within the sixty day statutory time period, the court lost jurisdiction and the motions were automatically denied.
Accordingly, the State's first assignment of error is sustained.
 II. The trial court was required to dismiss the May 26, 1998 motion because it was Heard's sixth motion for suspension of further execution of sentence.
Given our disposition of the State's first assignment of error, its second assignment of error is moot and therefore will not be addressed.
The judgment of the trial court will be reversed. The order granting Heard super shock probation is vacated, and the matter is remanded to the trial court for further proceedings necessary to return Heard to the penal custody of the state in order to resume serving his sentence.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Lynda K. Ashbery
Jon Paul Rion
Hon. Jeffrey E. Froelich
[1] R.C. 2947.061 was repealed effective July 1, 1996 by Section 6, Am.Sub.S.B. No. 2, but it applies to Heard because he committed the crime prior to July 1, 1996.