OPINION
The State of Ohio appeals the nunc pro tunc
entry of the Fayette County Court of Common Pleas granting defendant-appellee, Michelle Cordell's, motion for shock probation.
On August 4, 1997, Cordell was indicted on one count of corrupting a minor with drugs, in violation of R.C. 2925.02, a felony of the first degree, and one count of aggravated trafficking in drugs, in violation of R.C. 2925.03, a felony of the second degree. On March 18, 1998, Cordell pled guilty to the aggravated trafficking charge and one count of attempted corrupting another with drugs, a violation of R.C. 2925.02 and2929.23, a felony of the second degree. On May 22, 1998, Cordell was sentenced to an indefinite term of imprisonment of two years minimum to fifteen years maximum on each offense, with the sentences to be served concurrently.[1]
On July 8, 1998, Cordell timely filed a motion for shock probation pursuant to former R.C. 2947.061(A).[2] On March 2, 1999, Cordell filed a supplemental motion for shock probation. At the time of the supplemental motion, the trial court had not taken any action regarding the original motion. On June 18, 1999, the trial court scheduled a hearing on Cordell's motion. On July 1, 1999, the state filed a memorandum in opposition, alleging that the trial court had earlier lost jurisdiction over the matter. On August 18, 1999, a hearing was held on the motion.
On August 30, 1999, the trial court filed a nunc pro tunc
entry granting Cordell shock probation. In its entry, the trial court found that
 its decision to grant defendant's motion for shock probation was made on August 12, 1998, and that said decision was made within the time constraints imposed by Section 2947.061
O.R.C. but the Court through inadvertence failed to make its decision of record at that time and hereby enters its decision to grant said motion for shock probation nunc pro tunc effective as of the date the Court made its decision to grant said motion on August 12, 1998.
The entry ordered that Cordell be released on shock probation effective August 18, 1999. The state appeals, raising a single assignment of error:
 THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONSIDER AND/OR GRANT DEFENDANT-APPELLEE'S MOTION FOR SHOCK PROBATION AND THEREFORE ABUSED ITS DISCRETION.
In its sole assignment of error, the state contends that the trial court lost jurisdiction to grant Cordell's motion for shock probation because the statutory time in which such a decision must be made had lapsed. The state further contends that the nunc pro tunc entry was invalid because it made a substantive, not clerical, change in the record.
Former R.C. 2947.061(A) governs the granting of shock probation to an offender who is sentenced for an offense other than an aggravated felony of the first, second, or third degree. The defendant's motion must be filed "not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which the defendant is to begin serving the defendant's sentence[.]" Former R.C. 2947.061(B) then provides, in pertinent part:
 The court shall hear any motion filed under this division within sixty days after the filing date of the motion and shall enter its ruling on the motion within ten days after the hearing on the motion.
The time constraints set forth in former R.C. 2947.061(B) are mandatory. Failure to adhere to these limits divests the trial court of jurisdiction to grant the defendant's motion for shock probation. State v. Eddington (1987), 36 Ohio App.3d 76, 77. Failure by the trial court to enter its ruling, i.e., to "journalize" its decision, within ten days of any hearing on the motion, or if no hearing is held, within sixty days of the filing of the motion, divests the trial court of its jurisdiction over the matter. "Journalize" means that the trial court's decision "is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." Id. at 78-79. A trial court's failure to retain jurisdiction over a motion for shock probation results in the motion being automatically denied. State v. Delaney (1983), 9 Ohio App.3d 47, 48.
In the instant case, because a hearing was not held on Cordell's original, July 8, 1998, motion, the trial court was required to journalize its decision by September 6, 1998, or sixty days after the filing of this motion. Because the trial court did not hold a hearing or journalize its decision by that date, the trial court lost jurisdiction over the matter. Even had the trial court made a decision on the merits before September 6, 1998, the trial court's failure to journalize this decision divested the trial court of jurisdiction. Due to the trial court's loss of jurisdiction, Cordell's motion was automatically overruled. As a result, the supplemental motion was meaningless.
The trial court sought to circumvent this effect by making its entry nunc pro tunc, thereby attempting to relate back its decision to a time within that required by the statute. Attempting to circumvent the clear mandate of the statute through a nunc pro tunc entry was disapproved of in Eddington,36 Ohio App. 3d at 78.[3] Nunc pro tunc entries are designed to correct errors in the already existing record. State v. Greulich
(1988), 61 Ohio App.3d 22, 24-25. Because nunc pro tunc entries correct typographical or clerical errors in the journalized record, there must be tangible evidence or something in the record demonstrating the trial court's intentions and the alleged error.Id. at 25; State v. Hawk (1992), 81 Ohio App.3d 296, 300.
In the instant case, there is nothing in the record other than the nunc pro tunc entry to indicate that the trial court had considered Cordell's motion, much less made a decision on its merits, prior to the hearing. Without a journalized entry indicating that the trial court had considered and decided the motion prior to September 6, 1998, the trial court could not issue a nunc pro tunc entry. The record contained no prior decision from the trial court to be corrected.
The trial court lost jurisdiction to grant Cordell's motion for shock probation on September 6, 1998. The motion was automatically denied when the trial court lost jurisdiction. The entry granting shock probation is vacated and the cause is remanded for those proceedings necessary to return Cordell to the penal custody of the state in order to resume serving her sentence.
Judgment vacated and remanded for further proceedings consistent with this opinion.
POWELL, P.J., and VALEN, J., concur.
[1] Cordell's offenses occurred prior to July 1, 1996, and she was sentenced pursuant to the pre-Senate Bill 2 ("S.B. 2") version of R.C. Chapter 2929.
[2] Former R.C. 2947.061 was repealed with the enactment of S.B. 2.
[3] If trial court's were allowed to grant motions for shock probation through nunc pro tunc entries, "a trial court could circumvent the clear intent of the legislature to limit the time within which a trial court could act upon a motion for shock probation." Eddington at 78.