OPINION
The state of Ohio appeals the nunc protunc entry of the Fayette County Court of Common Pleas granting defendant-appellee, Patrick Brill's, motion for shock probation.
On April 7, 1995, Brill was indicted on one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A), an aggravated felony of the third degree. On October 3, 1997, Brill pled guilty to one count of involuntary manslaughter, a violation of R.C. 2903.04(B), an aggravated felony of the third degree. On February 3, 1998, Brill was sentenced to serve an indefinite term of imprisonment of two years minimum to ten years maximum.[1]
On October 21, 1998, Brill filed a timely motion for shock probation pursuant to former R.C. 2947.061(B).[2] On October 30, 1998, the state filed a memorandum in opposition to shock probation. On November 4, 1998, Brill filed a reply to the state's memorandum in opposition. On June 7, 1999, the trial court issued an order conveying Brill for a hearing on the motion. On June 9, 1999, the state filed a memorandum in opposition to this order, arguing that the trial court had earlier lost jurisdiction over the motion for shock probation.
The hearing on Brill's motion for shock probation was held on June 14, 1999. On June 18, 1999, the trial court filed a nunc protunc entry granting Brill shock probation. In its entry, the trial court found that:
 the decision to grant Defendant's Motion for Shock Probation was actually made by the Court on November 25, 1998, subject to the terms of said probation contained in this entry; however, the Court further finds that it inadvertently failed to enter its ruling on the Defendant's Motion for Shock Probation at that time. Further, this Entry is made nunc pro tunc to bring the date of this entry within the time where the Decision was actually made (November 25, 1998).
The entry ordered that Brill be released on shock probation effective August 8, 1999. The state appeals, raising a single assignment of error:
 THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONSIDER AND/OR GRANT DEFENDANT-APPELLEE'S MOTION FOR SHOCK PROBATION AND THEREFORE ABUSED ITS DISCRETION.
In its sole assignment of error, the state contends that the trial court lost jurisdiction to grant Brill's motion for shock probation because the statutory time in which such a decision must be made had lapsed. The state further contends that thenunc pro tunc entry was invalid because it made a substantive, not clerical, change in the record.
Former R.C. 2947.061(B) governs the granting of shock probation to an offender who is sentenced for an aggravated felony of the first, second, or third degree. The defendant's motion may be filed "at any time after serving six months in the custody of the department of rehabilitation and correction." Former R.C.2947.061(B) then provides, in pertinent part:
 The court shall hear any motion authorized by this division within sixty days after it is filed and shall enter its ruling on the motion within ten days after the hearing.
The time constraints set forth in former R.C. 2947.061(B) are mandatory. Failure to adhere to these limits divests the trial court of jurisdiction to grant the defendant's motion for shock probation. State v. Eddington (1987), 36 Ohio App.3d 76, 77. Failure by the trial court to enter its ruling, i.e., to "journalize" its decision, within ten days of any hearing on the motion, or if no hearing is held, within sixty days of the filing of the motion, divests the trial court of its jurisdiction over the matter. "Journalize" means that the trial court's decision "is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." Id. at 78-79. Even though a trial court may announce its judgment at the hearing, that judgment is not effective until it is formally journalized. A trial court's failing to journalize its decision within the statutory time limits, even when an oral pronouncement has been made, will still result in a loss of jurisdiction. Id. at 78. A trial court's failure to retain jurisdiction over a motion for shock probation results in the motion being automatically denied. State v. Delaney (1983),9 Ohio App.3d 47, 48.
In the instant case, because a hearing was not initially held on Brill's motion, the trial court was required to journalize its decision by December 20, 1998, or sixty days after the filing of the motion. Because the trial court did not hold a hearing or journalize its decision by that date, the trial court lost jurisdiction over the matter. At that time, Brill's motion was automatically overruled.
The trial court sought to circumvent this effect by making its entry nunc pro tunc, thereby attempting to relate back its decision to a time within that required by the statute. Attempting to circumvent the clear mandate of the statute through a nunc pro tunc entry was disapproved of in Eddington,36 Ohio App. 3d at 78.[3] Nunc pro tunc entries are designed to correct errors in the already existing record. State v. Greulich
(1988), 61 Ohio App.3d 22, 24-25. Because nunc pro tunc entries correct typographical or clerical errors in the journalized record, there must be tangible evidence or something in the record demonstrating the trial court's intentions and the alleged error.Id. at 25; State v. Hawk (1992), 81 Ohio App.3d 296, 300.
In the instant case, there is nothing in the record prior to the nunc pro tunc entry to indicate that the trial court had considered Brill's motion, much less made a decision on its merits. Without a journalized entry indicating that the trial court had considered and decided the motion prior to December 20, 1998, the trial court could not issue a nunc pro tunc entry. The record contained no prior decision from the trial court to be corrected.
The trial court lost jurisdiction to grant Brill's motion for shock probation on December 20, 1998. The motion was automatically denied when the trial court lost jurisdiction. The entry granting shock probation is vacated and the cause is remanded for those proceedings necessary to return Brill to the penal custody of the state in order to resume serving his sentence.
Judgment vacated and remanded for further proceedings consistent with this opinion.
POWELL, P.J., and WALSH, J., concur.
[1] Brill's offense occurred prior to July 1, 1996, and he was sentenced pursuant to the pre-Senate Bill 2 ("S.B. 2") version of R.C. Chapter 2929.
[2] Former R.C. 2947.061 was repealed with the enactment of S.B. 2.
[3] If trial court's were allowed to grant motions for shock probation through nunc pro tunc entries, "a trial court could circumvent the clear intent of the legislature to limit the time within which a trial court could act upon a motion for shock probation." Eddington at 78.