OPINION
On October 8, 1996, Defendant-Appellant, Malik Wilkinson, was convicted on his plea of no contest of the offense of drug abuse, R.C. 2925.11(A), in common pleas case number 96CR884.
On October 16, 1996, Wilkinson was convicted on his plea of guilty of felonious assault on a peace officer, R.C. 2903.11(A)(2), in common pleas case number 96CR1882.
On October 23, 1996, Wilkinson was sentenced on both offenses. He was sentenced to serve a term of incarceration of one year on the drug abuse conviction. He was also sentenced to serve a term of from six to twenty-five years on the felonious assault conviction. The sentences were imposed concurrently.
Beginning on November 6, 1997, Wilkinson filed and then withdrew a series of motions made pursuant to R.C. 2947.061 (B), the "super shock" provision, asking the court to order his release. His last in the series of motions was filed on December 7, 1999. The court conducted a hearing on the motion on March 3, 2000, eighty-six days after it was filed. The court granted the motion and ordered the Defendant's release the same day.
On March 6, 2000, the court withdrew its order of release, finding that it lacked jurisdiction to grant that relief per this court's decision inState v. Heard (August 13, 1999), Montgomery App. No. 17460, unreported, because the hearing on the motion was not held within sixty days after the motion was filed, as R.C. 2947.061(B) requires. Wilkinson then again moved to withdraw his motion. The trial court denied his motion to withdraw on April 13, 2000.
Wilkinson filed a timely notice of appeal from the order of April 13, 2000. He presents three assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT HAD JURISDICTION TO GRANT THE MOTION FOR SUPER SHOCK PROBATION.
 SECOND ASSIGNMENT OF ERROR NOTHING IN HEARD BARS A DEFENDANT FROM WITHDRAWING AND THEN REFILING MOTIONS FOR SHOCK PROBATION, SO BY GRANTING THE MOTIONS TO WITHDRAW THE PREVIOUSLY FILED MOTIONS, IT WAS AS IF THE MOTIONS HAD NEVER BEEN FILED.
 THIRD ASSIGNMENT OF ERROR EVEN IF THE TRIAL COURT HAD NO JURISDICTION TO DECIDE THE MOTION, AND EVEN IF THE COURT WAS WITHOUT AUTHORITY TO DISMISS PREVIOUSLY FILED SUPER SHOCK MOTIONS, THE DUE PROCESS CLAUSE AND THE DOCTRINE OF PROMISSORY ESTOPPEL SHOULD
 CAUSE THIS COURT TO HOLD THAT APPELLANT SHOULD RECEIVE SUPER SHOCK PROBATION.
In Heard, supra, we held that the trial court is deprived ofjurisdiction to rule on a motion filed pursuant to R.C. 2947.061(B) if itfails to rule on the motion within sixty days after the motion is filed.Further, "once a trial court loses jurisdiction to act on a motion, itmust deny the motion." Id., at p. 5, citing State v. Ellington (1987),36 Ohio App.3d 76, and State v. Delaney (1983), 9 Ohio App.3d 47 .Wilkinson asks us to revisit our holding in Heard and to reverse it.
R.C. 2947.061 was effectively repealed in 1995 by Sub.H.B.4, Section 3, effective November 9, 1995. However, per that section, the provisions of R.C. 2947.061 continue to apply thereafter to any offense committed on or before November 9, 1995. Repeal of R.C. 2947.061(B) was confirmed by the General Assembly in 1996 in Sub.S.B. 269, Section 12.
The indictment in case number 96CR884, charging Wilkinson with drug abuse, alleges that the offense was committed on or about March 15, 1996. The indictment in case number 96CR1882, charging Wilkinson with felonious assault, indicates that the offense was committed on October 23, 1996. Therefore, neither offense was committed prior to the repeal of R.C. 2947.061, on November 9, 1995. Therefore, Wilkinson is ineligible for release pursuant to that provision.
The assignments of error are overruled. The order from which this appeal was taken will be affirmed.
 _____________ GRADY, J.
FAIN, J. and YOUNG, J., concur.