I concur in the majority's analysis and disposition of the First Assignment of Error. As to the majority's analysis and disposition of the remaining assignments of error, I respectfully dissent.
I. Second Assignment of Error
Appellants' assertion that the juvenile court should have provided Melissa court-appointed counsel is indeed well taken. See In re Solis
(1997), 124 Ohio App.3d 547, 706 N.E.2d 839; see, generally, 1984 Ohio Atty.Gen.Ops. No. 84-023 (advising that, "[p]ursuant to R.C. 2151.352, a child * * *, if indigent, is entitled to be represented in all juvenile proceedings by a public defender"). However, appellants have simply failed to demonstrate how they are prejudiced by this error.
"There can be no prejudicial denial of a * * * right * * * if there is no reasonable possibility that provision of the omitted procedures could have produced a more favorable result." State v. Delaney (1983),9 Ohio App.3d 47, 48, 458 N.E.2d 462, 464. Appellants' briefs are devoid of any suggestion as to how their case was prejudiced by Melissa not having counsel. "Speculation as to * * * how it would have effected the outcome is not a proper function for the reviewing court." State v.Shepeard (Sept. 14, 1989), Cuyahoga App. No. 55844, unreported.
The majority is correct in stating that "[a]n appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant." (Emphasis added.)In re Smith (1991), 77 Ohio App.3d 1, 13, 601 N.E.2d 45, 52. However, such authority — and indeed the majority's opinion — addresses solely the party's standing; such authority does not dispense with the requirement that the appellant must still clearly articulate prejudice. See, e.g., In re Whaley (1993), 86 Ohio App.3d 304,620 N.E.2d 954 (explaining that "[w]e * * * need not determine whether appellant * * * qualifies as a `party' as that term is employed by R.C.2151.352 and Juv.R. 4(A). We find that under the circumstances of this case, appellant * * * suffered no prejudice as a result of her lack ofcounsel * * *." (Emphasis added.)).
Accordingly, I am unable to join the majority in sustaining appellants' Second Assignment of Error as appellants have failed to adequately articulate how the juvenile court's failure to provide Melissa with counsel in any way prejudiced their case.
II. Third and Fourth Assignments of Error
The majority dismisses the Third and Fourth Assignments of Error as being moot. Although the majority provides no explanation as to why, I presume it is because they sustained appellants' Second Assignment of Error. As I would overrule appellants' Second Assignment of Error, I would reach the remaining assignments of error. For purposes of clarity, I will address the remaining assignments of error in reverse order.
 A.
Appellants assert in their Fourth Assignment of Error that the juvenile court's decision to place Melissa with her grandparents, and not with appellants, was against the manifest weight of the evidence. In other words, appellants are arguing that it was against the manifest weight of the evidence to grant appellee's motion and deny appellants' motion.
I find this argument to be baseless. The paramount concern in reviewing a lower court's decision in such matters is whether "the award of custody [was] supported by a substantial amount of credible and competent evidence." Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178. In the instant matter, as evidenced by the testimony of myriad witnesses, there is substantial competent, credible evidence to support the juvenile court's decision that it was not in Melissa's best interest to return custody of her to appellants. Thus, I would find that the lower court did not abuse its discretion by adopting appellee's findings of fact and conclusions of law as its own. See Sakara v. Sakara (Mar. 12, 1996), Mahoning App. No. 94CA50, unreported (holding that "[t]he trial court properly exercised its discretion in adopting appellee's findings of fact and conclusions of law as its own").
Accordingly, I would overrule appellants' Fourth Assignment of Error.
 B.
Appellants assert in their Third Assignment of Error that the juvenile court abused its discretion by denying appellants' motion for reunification and granting appellee's motion to modify the previous dispositional order.
In granting appellee's motion, the juvenile court considered the best-interest factors delineated in R.C. 3109.04(F)(1), made applicable to juvenile courts via R.C. 2151.23(F).[5] Further, as discussed above, there was sufficient competent, credible evidence to buttress the juvenile court's determination that it was not in the best interest of Melissa to award custody of her to appellants. Accordingly, I would find that the juvenile court did not abuse its discretion in denying appellants' motion for reunification and granting appellee's motion to modify the previous dispositional order, thus awarding legal custody of Melissa to her grandparents with a protective order remaining with appellee.
Accordingly, I would overrule appellants' Fourth Assignment of Error.
In sum, I would reach and overrule all of appellants' assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 __________________________ Roger L. Kline, Administrative Judge.
Abele, P.J.: Concur in Judgment Only.
Evans, J.: Concur in Part and Dissent in Part with Opinion.
[5] R.C. 3109.04(F)(1) states, in relevant part, the following.
[T]the court shall consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parents regarding his care;
 (b) * * * the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments * * *;
 (h) Whether either parent previously has been convicted of * * * any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; * * *; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child; * * *.
R.C. 3109.04(F)(1).