[Cite as *State v. Randa*, 2011-Ohio-1535.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 10CA0015-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY C. RANDA | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 09-CR-0382 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

---

MOORE, Judge.

{¶1} Appellant, Zachary C. Randa, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms in part and vacates in part.

I.

{¶2} On September 16, 2009, the Medina County Grand Jury filed an indictment charging Randa with a single count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree. On November 23, 2009, Randa changed his plea of "not guilty" to "no contest." The trial court made a finding of guilty. On January 4, 2010, the trial court sentenced Randa to three years of incarceration, which it ordered to run concurrently with the sentence on an unrelated case from Lorain County. In its journal entry, the court wrote that:

"The Court finds that the defendant has been convicted of 'Burglary', a violation of Revised Code section 2911.12(A)(1), a felony of the second degree, subject to a mandatory prison term under division (F) of section 2929.13 of the Ohio Revised Code."

{¶3}     Randa timely filed a notice of appeal.  He has raised one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED WHEN IT SENTENCED [RANDA] TO A MANDATORY PRISON TERM UNDER DIVISION (F) OF SECTION 2929.13 OF THE OHIO REVISED CODE, FOR THE CONVICTION OF BURGLARY, A VIOLATION OF REVISED CODE SECTION 2911.12(A)(1), A FELONY OF THE SECOND DEGREE."

{¶4}     In his assignment of error, Randa contends that the trial court erred when it sentenced him to a mandatory prison term pursuant to R.C. 2929.13(F) on his burglary conviction.  We agree.

{¶5}     At the plea hearing, the trial court stated that "[t]his is not an offense for which prison is mandatory, but it's possible, and because it's possible, I have to explain this to you." During the sentencing hearing, the trial court sentenced Randa to three years of incarceration but made no mention of mandatory time.  As noted above, however, the sentencing entry stated that the prison sentence was a mandatory term.

{¶6}     On appeal, Randa contends that R.C. 2929.13(F) does not apply to the circumstances of this case.  The State concedes, and we agree, that R.C. 2929.13(F) does not require a mandatory prison sentence for a violation of R.C. 2911.12(A)(1).  The sentence is contrary to law.   The offense of Burglary pursuant to R.C. 2911.12(A)(1) is a second degree felony.  The basic prison terms of the Revised Code provide as follows:  "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2).  The trial court at the plea hearing correctly advised Randa that prison for the

offense of burglary was possible, but not mandatory. However, the sentencing entry mistakenly described the three-year sentence as mandatory.

{¶7} We have said repeatedly that a court speaks through its journal entry. *State v. Ellington* (1987), 36 Ohio App.3d 76, 77-78. Inasmuch as the trial court erred in imposing a sentence not authorized by statute, the portion of the sentence that describes the sentence as "mandatory" is hereby vacated. The remainder of the sentence shall stand.

## III.

{¶8} Randa's assignment of error is sustained in part. The portion of the sentence referring to the three years of incarceration as mandatory is hereby vacated. The balance of the sentence remains intact.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.