[Cite as *State v. Inscho*, 2019-Ohio-809.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 95-CRB-802-1-1 |
| | : | |
| FREDERICK R. INSCHO, JR. | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of March, 2019.

. . . . . . . . . . .

RONALD LEWIS, Atty. Reg. No. 0061980, Prosecuting Attorney, Xenia Municipal Court, 101 North Detroit Street, Xenia, Ohio 45385
  Attorney for Plaintiff-Appellee

JAMES P. FLEISHER, Atty. Reg. No. 0059509, 6 North Main Street, 400 National City Center, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Frederick Inscho, Jr. appeals from the judgment of the Xenia Municipal Court denying his application for the sealing of the record regarding his 1995 domestic violence conviction. He contends that the court erred by denying the request. Alternatively, he contends that the judgment of conviction is void and, thus, must be vacated.

{¶ 2} We conclude that the applicable statutes prohibit the sealing of the record. We further conclude that the prior conviction is not void. Accordingly, the judgment of the trial court is affirmed.

## I.     Course of the Proceedings

{¶ 3} In 1995, after discovering that his wife was involved in an extramarital affair, Inscho hit her with his vehicle. Inscho was charged with domestic violence in violation of R.C. 2929.25. He appeared before the Xenia Municipal Court and entered a plea of no contest. He was sentenced to a jail term of 60 days, with 30 days suspended. He was also fined $250 and ordered to engage in counseling. Inscho served his sentence, paid his fine and complied with the requirement regarding counseling.

{¶ 4} In February 2018, Inscho filed an Application for Expungement and Sealing of Record of Arrest in the Xenia Municipal Court. A confidential report was prepared by the probation department which recommended that the application be granted. The State did not file an objection.

{¶ 5} A hearing on the application was conducted on June 19, 2018. At that time,

the municipal court noted that the original case file had been destroyed.[1] The municipal court attempted to obtain the file of the arresting agency, but that file had also been destroyed. The municipal court was unable to locate any notes retained by the court reporter. However, the municipal court was able to obtain information about the prior conviction from both the Ohio Law Enforcement Gateway Program (OHLEG) and the Ohio Courts Network (OCN); it also obtained a computer printout of the case docket sheet.

{¶ 6} The docket, as well as the documents generated by OHLEG and OCN, indicated that Inscho was convicted of domestic violence in violation of R.C. 2929.25. None of the documents contained a reference to any particular subsection of that statute. Both the OHLEG and OCN documents referred to the offense as a minor misdemeanor; the docket sheet did not cite the degree of the offense.

{¶ 7} In reaching its decision regarding the degree of the offense, the municipal court stated:

Per Baldwin's ORC, the only options at that time [1995] would have been for defendant to have been charged with a first degree or a fourth degree misdemeanor. While the law in effect at the time allowed for a third degree misdemeanor for a domestic violence by threats (M4) if there was a prior enhancing offense, a review of the report prepared regarding defendant's application to seal demonstrates defendant had no prior

---

[1] The original criminal case and the application to seal the record were both heard by the Xenia Municipal Court. Therefore, for ease of reference and in order to differentiate between the 1995 and 2018 actions, we will refer to the court as "the sentencing court" with regard to the actions taken in 1995, and as the "municipal court" with regard to the 2018 case.

enhancers to elevate a DV-4 to a DV-3 in May of 1995. The only available charges for this defendant at that time were either a Domestic Violence as a first degree misdemeanor or as a fourth degree misdemeanor.

The docket sheet further reveals that on May 24, 1995, defendant plead "no contest" and was found "guilty" of "Domestic Violence." Defendant was assessed a fine of $250.00, sentenced to 60 days in jail (with 30 suspended), and was ordered to engage in counseling through the Community Network.

Under oath during the hearing on Mr. Inscho's application to seal, applicant/defendant stated, "So what I don't remember is if he said he was definitely dropping the charge to a lower misdemeanor, something to that effect but he said I'm giving you this opportunity, I'm going to do whatever it was he said he was going to do, I seem to remember something about M3. I – M3, being in my - - it sticks in the back of my mind. I don't know why. Like I said, it's been twenty-three years. It's hard to say for sure, but I do seem to remember something about that, he was going to drop it to a lower misdemeanor for me…"

The court questions whether the court in 1995 had a discussion with applicant/defendant about an M3 since that was not an option since Mr. Inscho had no prior offense to elevate an M4 to an M3. Additionally, the docket sheet has a place to note any amended charge. The amended charge line on the docket sheet is blank.

The court notes that a 60-day jail sentence is not permissible for a

fourth degree misdemeanor. In this matter there is no evidence of any prior enhancer offense to elevate an M4 to an M3. The only conclusion the court can reach, therefore, is that defendant, on May 24, 1995, was convicted in this court of "Domestic Violence," a misdemeanor of the first degree. The court finds that the listing of the conviction at issue herein with OHLEG and Ohio Courts Network as a minor misdemeanor is the result of a clerical error. By law, the offense for which defendant was convicted herein, "Domestic Violence," as a first degree misdemeanor, cannot be sealed.

Dkt. No. 9.

{¶ 8} The municipal court denied the application. Inscho appeals.

## II. Analysis

{¶ 9} Inscho asserts the following as his sole assignment of error:

THE TRIAL COURT ERRED BY DENYING APPELLANT-DEFENDANT FREDERICK R. INSCHO, JR.'S APPLICATION TO EXPUNGE HIS DOMESTIC VIOLENCE CONVICTION BECAUSE THE TRIAL COURT LACKED ANY AUTHORITY TO CONVICT HIM OF MINOR MISDEMEANOR DOMESTIC VIOLENCE CONTRARY TO THE APPLICABLE STATUTE; THE JUDGMENT WAS THUS VOID AS A MATTER OF LAW.

{¶ 10} Inscho contends that the municipal court erred by denying his application to seal his criminal record. Alternatively, he contends that he was convicted of an offense

not cognizable under the law thereby rendering his conviction void.

{¶ 11} The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 469 N.E.2d 974 (9th Dist.1984). Expungement or sealing of a criminal record is an "act of grace created by the state." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). It should be granted only when all requirements for eligibility are met, because it is a "privilege, not a right." *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. R.C. 2953.31 et seq. set forth the circumstances in which a trial court may grant a request to seal a record of conviction.

{¶ 12} Generally, an appellate court reviews a trial court's decision regarding a motion to expunge and seal the record under an abuse of discretion standard. *State v. Pierce*, 10th Dist. Franklin No. 06AP-931, 2007-Ohio-1708, ¶ 5. The term abuse of discretion is used to indicate that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, where the dispute as to the sealing of a record involves purely a legal question, our standard of review is de novo. *Futrall* at ¶ 6-7.

{¶ 13} R.C. 2953.32 permits an eligible offender to apply to the sentencing court for the sealing of a record of conviction. There is no dispute that Inscho was an eligible offender as defined by the prior version of R.C. 2953.31.[2] However, regardless of an

---

[2] R.C. 2953.31 has been amended since the entry of the trial court's denial of the application. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, ¶ 10, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus.

applicant's eligibility, R.C. 2953.36(A)(3) precludes the sealing of any conviction for an offense of violence that is a felony or a first degree misdemeanor.

{¶ 14} As noted, Inscho was convicted of domestic violence, which is classified as an offense of violence.   R.C. 2901.01(A)(9)(a).   Inscho contends that, because the documents regarding his conviction indicate he was convicted of a minor misdemeanor, his record may be sealed.   The municipal court, however, determined that, based upon the language used in the domestic violence statute in effect at the time of the conviction, Inscho was convicted of a first degree misdemeanor.

{¶ 15} The version of R.C. 2919.25 in effect at the time of Inscho's offense provided in pertinent part as follows:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

(B) No person shall recklessly cause serious physical harm to a family or household member.

(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

(D) Whoever violates this section is guilty of domestic violence.   A violation of division (C) of this section is a misdemeanor of the fourth degree.   A violation of division (A) or (B) of this section is a misdemeanor of the first degree.   If the offender previously has been convicted of domestic violence * * * a violation of division (A) or (B) of this section is a felony of the fourth degree and a violation of division (C) of this section is a

misdemeanor of the third degree.

{¶ 16} The applicable version of R.C. 2929.21, which governs penalties for misdemeanor offenses, provided:

(A) Except as provided in section 2929.23 of the Revised Code, whoever is convicted of or pleads guilty to a misdemeanor other than a minor misdemeanor shall be imprisoned for a definite term or fined, or both, which term of imprisonment and fine shall be fixed by the court as provided in this section.   * * *

(B) Terms of imprisonment for misdemeanor shall be imposed as follows:

(1) For a misdemeanor of the first degree, not more than six months;

(2) For a misdemeanor of the second degree, not more than ninety days;

(3) For a misdemeanor of the third degree, not more than sixty days;

(4) For a misdemeanor of the fourth degree, not more than thirty days.

(C) Fines for misdemeanor shall be imposed as follows:

(1) For a misdemeanor of the first degree, not more than one thousand dollars;

(2) For a misdemeanor of the second degree, not more than seven hundred fifty dollars;

(3) For a misdemeanor of the third degree, not more than five hundred dollars;

(4) For a misdemeanor of the fourth degree, not more than two hundred fifty dollars.

(D) Whoever is convicted of or pleads guilty to a minor misdemeanor shall

be fined not more than one hundred dollars.

{¶ 17} A plain reading of the domestic violence statute confirms that there was no option for convicting Inscho of a minor misdemeanor or a second degree misdemeanor. Further, under the terms of the statute, Inscho could only be found guilty of a third degree misdemeanor if he had a prior domestic violence conviction. There is no dispute that he had no such prior conviction. Thus, as determined by the municipal court, the only offenses available to the sentencing court were first and fourth degree misdemeanors. We note that the fourth degree misdemeanor offense classification was reserved for domestic violence resulting from the threat of force. Inscho admitted that he hit his former wife with his vehicle, an action that does not fit into the threat of force category. Additionally, Inscho was sentenced to a jail term of 60 days, which is higher than would have been permitted for a fourth degree misdemeanor under the terms of R.C. 2929.21(B).[3] Therefore, based upon these findings, we cannot say that the trial court abused its discretion or erred as a matter of law in concluding that Inscho was convicted of a first degree misdemeanor, which precluded the sealing of his record.

{¶ 18} We next address Inscho's claim that his conviction for domestic violence is void. He bases this claim upon the argument that the OHLEG and OCN documents showed he was convicted of a minor misdemeanor, an offense which was not cognizable under the law in 1995. Inscho disputes the municipal court's finding that the minor misdemeanor designation on the OHLEG and OCN documents was merely a clerical

---

[3] Inscho argues that the 60-day sentence indicates that he was sentenced for a third degree misdemeanor. However, under the sentencing statute, the sentence imposed was also a permissible sentence for a first degree misdemeanor and, as stated above, the absence of a prior conviction undercuts the assertion that he was convicted of a third degree misdemeanor.

error. He argues that, even assuming that OHLEG and OCN documents "erroneously listed the degree of conviction as a 'minor misdemeanor' instead of 'first degree misdemeanor' as the Municipal Court concluded, the [sentencing] court never corrected this alleged error and the terms of its journal control." He further argues that, if the designation was merely a clerical mistake, it cannot now be corrected, as doing so would elevate the degree of the convicted offense.

{¶ 19} We note that Inscho did not raise this claim before the trial court. However, under Ohio law, "a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, ¶ 8. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus.

{¶ 20} A court speaks only through its journal entries. *State v. Ellington*, 36 Ohio App.3d 76, 77-78, 521 N.E.2d 504 (9th Dist.1987). "To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court." *Id.* at 78. "Dockets and journals are distinct records kept by clerks. *See* R.C. 2303.12." *State ex rel. Caldwell v. Gallagher*, 8th Dist. Cuyahoga No. 98317, 2010-Ohio-4608, ¶ 6, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997). "It is the journal entries that are signed by the judge, not the docket entries, that control." (Internal citation omitted.) *Id.*, quoting *Cleveland v. Gholston*, 8th Dist. Cuyahoga No. 96592, 2011-Ohio-6164, ¶ 20, fn. 1. In other words, the content of the court's journal entry, rather than the reference to that entry set forth on the docket, is what

"reflects the complete substance of the court's judgment." *Id.* at ¶ 7. Computerized docketing systems are not the court's official journal. *Cleveland v. Jovanic*, 153 Ohio App.3d 37, 2003-Ohio-2875. 790 N.E.2d 824, ¶ 8 (8th Dist.).

{¶ 21} Thus, regardless of what the docket or the OHLEG and OCN documents state, they are not the sentencing court's journal. Further, in the absence of affirmative evidence to the contrary, we are constrained by the presumption of regularity and must conclude, from the limited record, that the trial court did not find Inscho guilty of a minor misdemeanor, an offense that did not exist at the time of his conviction. *State v. Like*, 2d Dist. Montgomery No. 21991, 2008-Ohio-1873, ¶ 33; *State v. Patton*, 2016-Ohio-4867, 68 N.E.3d 273, ¶ 12 (8th Dist.), citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Thus, we conclude that Inscho has failed to demonstrate that his conviction for domestic violence is void.

{¶ 22} Because the record supports the municipal court's finding that Inscho was convicted of a first degree misdemeanor, we conclude that the municipal court did not abuse its discretion or err as a matter of law in denying the application for expungement and sealing of the record. We also conclude that Inscho has not demonstrated that the conviction for domestic violence is void.

{¶ 23} Accordingly, the sole assignment of error is overruled.

### III.  Conclusion

{¶ 24} The assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

DONOVAN, J., concurs in judgment only.

Copies sent to:

Ronald Lewis
James P. Fleisher
Hon. Michael K. Murry